## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| JAMES E. JENKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CA 2:12-00465-N |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security,[1] | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff James E. Jenkins brings this action, pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security denying his applications for supplemental security income ("SSI") and disability insurance benefits ("DIB"). The parties have consented to the exercise of jurisdiction by the undersigned United States Magistrate Judge for all proceedings in this Court pursuant to 28 U.S.C. § 636(c). (*See* Doc. 21 ("In accordance with provisions of 28 U.S.C. 636(c) and Fed.R.Civ.P. 73, the parties in this case consent to have a United States Magistrate Judge conduct any and all proceedings in this case, including . . . order the entry of a final judgment, and conduct all post-judgment proceedings.").) Upon consideration of the administrative record ("R.") (Doc. 13), Jenkins's brief (Doc. 14), and the

---

[1]     Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013.  Pursuant to Rule 25(d), Federal Rules of Civil Procedure, Colvin is substituted for Michael J. Astrue as the proper defendant in this case.

Commissioner's brief (Doc. 17),[2] it is determined that the Commissioner's decision denying Jenkins benefits should be **REVERSED AND REMANDED** for further proceedings not inconsistent with this decision.[3]

## I.     Procedural Background

On September 4, 2008, Jenkins filed applications for DIB and SSI (R. 159-165), alleging disability beginning February 1, 2001 (*see* R. 159).[4]   His applications were initially denied.   (*See* R. 54-57, 67-76.)   A hearing was then conducted before an Administrative Law Judge on June 1, 2010 (*see* R. 30-53).   On August 13, 2010, the ALJ issued a decision finding Jenkins was not disabled (R. 18-29), and he sought review from the Appeals Council.   The Appeals Council issued its decision declining to review the ALJ's determination on May 30, 2012 (*see* R. 1-6)—making the ALJ's determination the Commissioner's final decision for purposes of judicial review, *see* 20 C.F.R. § 404.981—and a complaint was filed in this Court on July 19, 2012 (*see* Doc. 1).

## II.     Standard of Review and Claims on Appeal

In all Social Security cases, the plaintiff bears the burden of proving that he or

---

[2]     The Court granted the parties' request to waive oral argument.   (*See* Docs. 19, 22.)

[3]     Any appeal taken from this memorandum opinion and order and judgment shall be made to the Eleventh Circuit Court of Appeals.   (*See* Doc. 21 ("An appeal from a judgment entered by a Magistrate Judge shall be taken directly to the United States Court of Appeals for this judicial circuit in the same manner as an appeal from any other judgment of this district court.").)

[4]     The alleged onset date was subsequently amended, to June 11, 2009.   (*See* R. 34-35.)

she is unable to perform his or her previous work.   *Jones v. Bowen*, 810 F.2d 1001, 1005 (11th Cir. 1986).   In evaluating whether the plaintiff has met this burden, the examiner must consider the following four factors: (1) objective medical facts and clinical findings; (2) diagnoses of examining physicians; (3) evidence of pain; and (4) the plaintiff's age, education, and work history.   *Id.*   Once the plaintiff meets this burden, it becomes the Commissioner's burden to prove that the plaintiff is capable—given his or her age, education, and work history—of engaging in another kind of substantial gainful employment that exists in the national economy.   *Sryock v. Heckler*, 764 F.2d 834, 836 (11th Cir. 1985).   Although at the fourth step "the [plaintiff] bears the burden of demonstrating the inability to return to [his or] her past relevant work, the Commissioner of Social Security has an obligation to develop a full and fair record."   *Shnorr v. Bowen*, 816 F.2d 578, 581 (11th Cir. 1987) (citations omitted).

The task for this Court is to determine whether the ALJ's decision to deny plaintiff benefits is supported by substantial evidence.   Substantial evidence is defined as more than a scintilla, and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.   *Richardson v. Perales*, 402 U.S. 389, 401 (1971).   "In determining whether substantial evidence exists, [a court] must view the record as a whole, taking into account evidence favorable as well as unfavorable to the [Commissioner's] decision."   *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).   Courts are precluded, however, from "deciding the facts anew or re-weighing the evidence."   *Davison v. Astrue*, 370 Fed. App'x 995, 996 (11th Cir.

3

Apr. 1, 2010) (per curiam) (citing *Dyer v. Bernhart*, 395 F.3d 1206, 1210 (11th Cir. 2005)).   And, "[e]ven if the evidence preponderates against the Commissioner's findings, [a court] must affirm if the decision reached is supported by substantial evidence." *Id.* (citing *Crawford v. Commissioner of Soc. Sec.*, 363 F.3d 1155, 1158-59 (11th Cir. 2004)).

On appeal to this Court, Jenkins asserts two separate claims:

1.   The ALJ failed to fulfill her duty to develop the record when she elected not to order a consultative examination for the purposes of obtaining objective studies to confirm the source of [Jenkins's] low back pain; and

2.   The ALJ erred by failing to consider [Jenkins's] lack of ability to seek and afford medical care.

(Doc. 13 at 1.)   As the Court has determined that the decision of the Commissioner should be reversed and remanded for further proceedings based on Jenkins's first claim, there is no need for the Court to consider his second claim, except to the extent Jenkins's financial situation weighs in the balance discussed below.   *See Robinson v. Massanari*, 176 F. Supp. 2d 1278, 1280 & n.2 (S.D. Ala. 2001); *cf. Pendley v. Heckler*, 767 F.2d 1561, 1563 (11th Cir. 1985) ("Because the 'misuse of the expert's testimony alone warrants reversal,' we do not consider the appellant's other claims.").

### III.   Discussion

### A.   The ALJ's Decision.

Here, the ALJ made a step-three finding that Jenkins "has the following questionable 'severe' impairment: low back pain[.]"   (R. 23.)   She then concluded that, despite his low back pain, he "has the residual functional capacity to perform

medium work as defined in [§§] 404.1567(c) and 417.967(c).   [He] has the ability to

lift and/or carry up to thirty pounds occasionally and twenty-five pounds frequently.

[But h]e is limited to simple, routine and repetitive tasks."   (R. 24.)   In making her

RFC determination, the ALJ noted that "[t]he medical evidence establishes a history

of low back pain[,]" and offered this recitation of that (very limited) medical evidence:

> In August 2004, [Jenkins] underwent a consultative general medical
> examination performed by Dr. Dee Dee Kidd at the request of the
> Agency.   The impressions were back pain.   On physical examination,
> Dr. Kidd noted [Jenkins] had tenderness in the paraspinal musculature
> on the left side.   He had full range of motion, good strength and normal
> sensation.   She noted slight weakness; however[, she] indicated that it
> was 5/5 with normal sensation.   He was able to heel walk, toe walk
> and squat.   Dr. Kidd recommended an MRI.
>
> At the request of the Office of Disability Determinations, a consultative
> general medical examination was conducted by Dr. Huey Kidd on July
> 20, 2009.   [Jenkins] ha[d] complaints of back pain but denied any
> numbness or tingling.   [Dr. Kidd's] impression was low back pain.
> Dr. Kidd's examination was essentially unremarkable.   He noted
> [Jenkins] was able to heel walk, able to toe walk, able to bend and touch
> his toes, able to squat and to stand without difficulty.   [Jenkins] was
> observed to be able to ambulate without difficulty.   There were no
> neurological deficits.   Dr. Kidd opined that he did not really find
> anything on the physical examination that should prevent [Jenkins]
> from being able to work.
>
> Dr. Richard Whitney, a state agency medical consultant[,] found that
> [Jenkins] did not have a medically determinable impairment.   The
> lack of treatment records and the July 2009 consultative examination
> support this finding.   However, giving the claimant the benefit of
> doubt, I will find a 'severe' back impairment.

(R. 25 (record citations omitted).)   After finding that Jenkins failed to carry his

burden to show that any alleged numbness in his right leg established a medically

determinable impairment (*see id.*), the ALJ assigned "great weight" to the consults

provided by Drs. Kidd and relied on the lack of "medical evidence contained in the

record other than the consultative examinations" (R. 25; *see also id.* ("There is no indication that [Jenkins] has required ongoing medical treatment. There is no record of any emergency room visits or hospitalization for his impairment.") to establish her ability-to-perform-medium-work RFC (R. 25-26).

**B.     A Claimant's Burden to Prove Disability <u>*Versus*</u> an ALJ's Duty to Develop the Record.**

While "the burden is on [Jenkins] to prove he is disabled[,]" *Sellers v. Barnhart*, 246 F. Supp. 2d 1201, 1210 (M.D. Ala. 2002),[5] there also is no doubt that "[a]n administrative law judge has a duty to develop a full and fair record."   *Sims v. Astrue*, Civil Action No. 3:09cv366–CSC, 2010 WL 2952686, at *2 (M.D. Ala. July 26, 2010) (citing *Kelley v. Heckler*, 761 F.2d 1538 (11th Cir. 1985)); *accord Salazar v. Commissioner of Soc. Sec.*, 372 Fed. App'x 64, 67 (11th Cir. Apr. 6, 2010) (per curiam) (citing *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003) (per curiam)); *Waits v. Astrue*, No. CV 12–J–2371–NE, 2013 WL 625311, at *4 (N.D. Ala. Feb. 20, 2013) ("The ALJ ***always*** has an ***affirmative*** duty to develop a fair, full record." (citing *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997) (emphasis added)))[6]; *compare*

---

[5]        There, the court cited § 404.1512(s), which provides:

> In general, you have to prove to us that you are blind or disabled.   Therefore, you must bring to our attention everything that shows that you are blind or disabled.   This means you must furnish medical and other evidence that we can use to reach conclusions about your impairment(s) and, if material to the determination of whether you are blind or disabled, its effect on your ability to work on a sustained basis.

*Id.*

[6]        In this regard, the Supreme Court has noted, "Social Security proceedings are inquisitorial rather than adversarial.   It is the ALJ's duty to investigate the facts and

*Williams v. Commissioner of Soc. Sec.*, No. 6:09–cv–1129–Orl–28GJK, 2010 WL 2432032, at *9 (M.D. Fla. May 24, 2010). ("Although the ALJ has the duty to fully develop the record, the Claimant carries the burden of establishing he is disabled." (citing *Carnes v. Sullivan*, 936 F.2d 1215, 1218 (11th Cir. 1991))), *with Carroll v. Astrue*, No. 1:09–CV–1232, 2010 WL 2643420, at *3 (N.D. Ohio July 1, 2010) ("Generally, the ALJ has a duty to develop a reasonable record, and the ALJ must look fully into the issues.   20 C.F.R. §§ 404.944, 416.1444.   However, the claimant has the burden of providing a complete record with enough evidence and detail to enable the ALJ to make a disability determination.   20 C.F.R. § 416.912." (some citations omitted)).[7]

---

develop the arguments both for and against granting benefits."   *Sims v. Apfel*, 530 U.S. 103, 110–11 (2000).   And the Eleventh Circuit has observed,

> The SSA is perhaps the best example of an agency that is not based to a significant extent on the judicial model of decisionmaking.   It has replaced normal adversary procedure with an investigatory model, where it is the duty of the ALJ to investigate the facts and develop the arguments both for and against granting benefits; review by the Appeals Council is similarly broad. The regulations also make the nature of the SSA proceedings quite clear. They expressly provide that the SSA "conducts the administrative review process in an informal, nonadversary manner."

*Crawford & Co. v. Apfel*, 235 F.3d 1298, 1304 (11th Cir. 2000) (citing *Sims* and quoting 20 C.F.R. § 404.900(b)).

[7]       In *Carroll*—where "[t]he objective evidence that was available in the record did not support Plaintiff's complaints of back pain[, but r]ather, [it] indicated that Plaintiff[ ] had normal cervical spine x-rays and nearly normal strength in his legs, and did not need any ambulatory aids to walk"—the court noted its recent decision rejecting "an argument stating that 'if the ALJ needed more information regarding her condition, "it was incumbent" upon him to seek out further evidence of disability.' . . . [There,] the ALJ did not need more information because substantial evidence supported the ALJ's determination, and the plaintiff had the 'opportunity to seek out and introduce new evidence that could change the ALJ's mind.'"   *Id.* at *3 (quoting *Fagan v. Astrue*, No. 1:09 CV 00019, 2010 WL 481278, at *6-7 (N.D. Ohio Feb. 5, 2010)).   And the court went on to conclude,

An ALJ's affirmative duty to develop a full and fair record, in certain cases, "extends to obtaining a consultative examination when the same would be of benefit in the administrative process."   *Waits*, 2013 WL 625311, at *4 (citing 20 C.F.R. §§ 404.1517; 416.917); *accord Cox v. Astrue*, No. 5:11–CV–02319–LSC, 2012 WL 4008953, at *5 (N.D. Ala. Sept. 12, 2012) ("The Commissioner's duty to develop the record includes ordering a consultative examination ***if one is needed to make an informed decision*.**" (citing *Reeves v. Heckler*, 734 F.2d 519, 522 n.1 (11th Cir. 1984) (citing, in turn, *Ford v. Secretary of Health & Human Servs.*, 659 F.2d 66, 69 (5th Cir. Unit B 1981)) (emphasis added)))).   And "[t]he failure of an ALJ to order a consultative examination, when such an evaluation is necessary to make an informed decision, constitutes justifiable cause for a remand to the Commissioner." *Rease v. Barnhart*, 422 F. Supp. 2d 1334, 1372 (N.D. Ga. 2006) (citing *Reeves*; *Ford*; *Turner v. Califano*, 563 F.2d 669 (5th Cir. 1977)); *see, e.g., Holladay v. Bowen*, 848

---

Because the claimant has the burden of providing a complete record with enough evidence and detail to enable the ALJ to make a disability determination, Plaintiff's allegations that the ALJ failed to develop the record should be rejected.   *See* 20 C.F.R. § 416.912.

Furthermore, when a claimant is represented by an attorney, the ALJ may assume that the claimant has presented his strongest case for benefits. *Skinner v. Astrue*, 478 F.3d 836, 842 (7th Cir. 2007).   Here, the attorney specifically told the ALJ that there are no medical records in the file regarding the back pain, and that there was only Plaintiff's testimony.   Without any records, the ALJ had no basis to form a determination regarding the back pain.   Thus, the ALJ was justified in omitting any claims regarding back pain in his findings.

*Id.* at *4 (record citation omitted).

F.2d 1206, 1210 (11th Cir. 1988).[8]

"In determining whether it is necessary to remand a case for development of the record, [a court should] consider[] 'whether the record reveals evidentiary gaps which result in unfairness or clear prejudice.'" *Salazar*, 372 Fed. App'x at 67 (quoting *Brown v. Shalala*, 44 F.3d 931, 935 (11th Cir. 1995) (per curiam)); *see also Cox*, 2012 WL 4008953, at *5 ("Plaintiff must show that the lack of records created an evidentiary gap, resulting in unfairness or clear prejudice." (citing *Edwards v. Sullivan*, 937 F.2d 580, 586 (11th Cir. 1991))). For example, in *Sims v. Astrue*, the plaintiff had lumbar degenerative disc disease, and an evidentiary gap—a lack of current MRIs or x-rays—clearly necessitated remand: "based on the inadequate development of the record, the court [could not] determine whether the ALJ's conclusion that the plaintiff [was] not disabled [was] based on substantial evidence." 2010 WL 2952686, at *5.[9]

---

[8]     There, the Eleventh Circuit reaffirmed *Reeves* and *Ford*, but held "[i]n this case,

> the absence of a coronary arteriogram made it impossible for the ALJ to determine with absolute certainty that Holladay does not suffer from ischemic heart disease. Yet the statute does not require absolute certainty; it requires only substantial evidence to sustain the Secretary's findings. The absence of an arteriogram did not render the ALJ incapable of making an overall disability determination. It caused him only to proceed beyond the third step of the sequential evaluation process. Without in any way retreating from the rule announced in *Ford* and *Reeves*, we conclude that the ALJ did not err in denying Holladay's request for a consultative examination.

848 F.2d at 1210.

[9]     There, unlike here, there was extensive objective medical evidence, *see id.* at *2-4, and the court remarked,

> pursuant to 20 C.F.R. § 416.917, the ALJ is required to order additional

## C.    Here, a Clear Evidentiary Gap Prejudices Jenkins and Necessitates Remand.

As excerpted above, the ALJ's decision states, almost in passing, that, in 2004, Dr. Dee Dee Kidd—performing a consultative examination for DDS—"recommended an MRI." (R. 25.)   Dr. Kidd stated, more fully, "It would probably help if he had an MRI to see if he has anything going on in his back.   He does not have numbness going down his leg.   He hasn't had any testing on his back.   An MRI would help and also orthopedic or neurosurgery exam." (R. 238.)   While Dr. Huey Kidd, in his 2009 consultative examination, does not make a similar recommendation, these two consultations, to which the ALJ, understandably, assigned "great weight," were the entire medical record before the ALJ.   And the ALJ also based her decision, moreover, on the lack of "medical evidence contained in the record . . . ." (R. 25; *see also id.* ("There is no indication that [Jenkins] has required ongoing medical treatment.   There is no record of any emergency room visits or hospitalization for

---

medical tests when the claimant's medical sources do not give sufficient medical evidence to make a determination as to disability.   The ALJ failed to obtain updated MRIs or x-rays or otherwise develop the medical evidence regarding Sims' **current** lumbar degenerative disc disease.   Although the plaintiff was sent for a consultative physical examination, it is apparent from the record that no recent x-rays or MRIs were obtained to determine the extent of the plaintiff's lumbar disc disease.   The court is at a loss as to why the ALJ would order a consultative physical examination without also requesting additional imaging be done, particularly in light of the nature of the plaintiff's complaints.   Although the medical records demonstrate numerous trips to her treating physicians by the plaintiff complaining of pain, the ALJ took no further steps to explore the nature of the plaintiff's current degenerative disc disease by securing updated MRI testing or x-rays. Rather, the ALJ relied on imaging from 2003 to support her conclusion that Sims is not presently disabled and has not been disabled since 2007.

*Id.* at *4 (citations omitted and emphasis in original).

his impairment.").

Further, Jenkins's counsel specifically requested that the ALJ obtain objective evidence. Before questioning at the June 1, 2010 hearing commenced, counsel for Jenkins made this opening statement:

> Mr. Jenkins suffers from back pain that we contend would prevent him for doing continuous work activity. And also, Your Honor, we specifically request pursuant to *Sims v. Apfel* that Your Honor consider ordering a consultative examination where x-rays can be done on Mr. Jenkins.
>
> As Exhibit 1F [the 2004 consult] notes, there are no objective findings of record. We request pursuant to [*Sims v. Apfel*] that you consider ordering for x-rays in this case so his back pain can be established objectively, and we certainly think that those objective findings will reveal significant abnormalities.

(R. 33.)

Where, like here, a claimant lacks his own medical evidence ***and*** a consulting physician—after noting an impairment on physical examination—recommends that a claimant's record be augmented by objective medical evidence, an ALJ skirts his affirmative duty to develop a full and fair record by not ordering the taking of objective medical evidence, such as an MRI or x-rays. On the facts of this case, some sort of objective medical evidence (such as an MRI) was "needed to make an informed decision." *Cox*, 2012 WL 4008953, at *5. And, like Magistrate Judge Coody, in *Sims v. Astrue*, the undersigned is also "at a loss" as to why, here—in light of Dr. Kidd's 2004 recommendation that an MRI be performed—a consultative physical examination was performed in 2009 without the taking of objective evidence.

11

As to the ALJ's decision to base her RFC on the lack of medical evidence, *Freel v. Astrue*, No. 3:10–cv–01164–MCR, 2012 WL 628463 (M.D. Fla. Feb. 27, 2012), is instructive.   There,

> the ALJ discredited [the opinion of a treating source, Dr. Fetchero,] because there was insufficient medical evidence in the record. However, as Plaintiff observed, part of the reason for the lack of medical evidence was Plaintiff's inability to pay for an MRI.   While the Commissioner is correct the plaintiff has the burden of proving his disability, it is similarly true that the ALJ has a duty to develop a full and fair record, ***even when***[, ***like Jenkins here***,] ***the plaintiff is represented by counsel***.   This duty includes ordering a consultative examination or additional ***testing*** if needed to make an informed decision.   The ALJ is not required to order a consultative examination or additional testing unless the record shows that such an examination is necessary for the ALJ to render a decision.
>
> Here, two physicians, Dr. Fetchero and Dr. Choisser, both indicated an MRI was necessary for further diagnosis and the ALJ noted this in his decision.   ***The responsibility of ordering the MRI fell on the ALJ due to the ALJ's duty to develop a full and fair record unless the record contained sufficient evidence for the ALJ to make an informed decision.***   However, the ALJ was only required to order the MRI if there was insufficient evidence in the record to support an overall disability determination.   The regulations do not require absolute certainty in a disability decision; instead, the requirement is substantial evidence to sustain the ALJ's determination.   Here, the undersigned is not prepared to require the ALJ to order an MRI, however, as the ALJ's only remaining reason for discrediting Dr. Fetchero's opinion is that there is insufficient evidence in the record and it is documented that part of the reason for the lack of evidence in the record is Plaintiff's inability to pay for an MRI, the Court cannot find that lack of evidence is a sufficient reason on its own for discrediting Plaintiff's treating physician's opinion.   Accordingly, the undersigned finds the ALJ erred in discrediting Dr. Fetchero's opinions by failing to provide sufficient good cause for doing so.   The Court will therefore, remand this matter back to the ALJ and ask that he reconsider the opinions of Dr. Fetchero, keeping in mind that if he cannot point to substantial evidence in the record to do otherwise, he must grant it significant weight.   ***Additionally, the ALJ shall consider whether an MRI would assist him in determining Plaintiff's disability status.***

*Id.* at \*6-7 (internal citations omitted and emphasis added).[10]

While the court in *Freel* did not remand that case for the taking of objective evidence alone, the record in this case is thin and, moreover, because both a consulting physician and the plaintiff's counsel—<u>at the hearing before the ALJ, not just on appeal to this Court</u>—requested objective evidence be taken, the ALJ's decision to rely soley on the two consulting opinions and a ***lack*** of other medical evidence prejudices Jenkins and necessitates remand. *Contra Carroll*, 2010 WL 2643420, at \*3-4 (rejecting a "failure to develop the record" argument where objective evidence ***already available in the record*** failed to support complaints of back pain).

Finally, in remanding this matter, in which the ALJ did arguably find a "severe" impairment and, thus, moved past the second step of the sequential analysis, the undersigned is cognizant of *Holladay*'s holding that only substantial evidence, not absolute certainty, is required. *See* 848 F.2d at 1210. But, here, unlike in *Holladay*, no objective medical evidence exists and, moreover, a consulting physician identified a need for objective testing. Further, also unlike in *Holladay*, no regulation prevents the Commissioner from paying for the testing requested here.

In determining whether remand is appropriate in cases such as this one, the

---

[10] On appeal, Jenkins's second ground is that the ALJ failed to consider his lack of ability to seek and afford medical care. (*See* Doc. 14 at 8-9 (citing his hearing testimony (*see* R. 38)).) Without taking up this issue, it should be noted that Jenkins's ability to afford medical care also raises the specter of his inability to obtain his own MRI or x-rays. Thus, relying on *Freel*, it appears that it is the Commissioner's burden, pursuant to a duty to develop the record, under the facts of this case, to pay for an MRI or x-rays.

Court must balance an ALJ's duty to develop a full and fair record against a claimant's responsibility to prove disability.   And the facts of this case, considered against the nonadversarial nature of Social Security administrative proceedings, tip the balance in favor of remand.

## IV.   <u>Conclusion</u>

Accordingly, it is **ORDERED** that the decision of the Commissioner of Social Security denying Jenkins benefits be **REVERSED AND REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g), *see Melkonyan v. Sullivan*, 501 U.S. 89 (1991), for further proceedings not inconsistent with this decision.   The remand pursuant to sentence four of § 405(g) makes the plaintiff a prevailing party for purposes of the Equal Access to Justice Act, 28 U.S.C. § 2412, *see Shalala v. Schaefer*, 509 U.S. 292 (1993), and terminates this Court's jurisdiction over this matter.

**DONE** and **ORDERED** this the 10th day of July, 2013.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

14